CHARLES A. BONNER, ESQ.  SB# 85413
A. CABRAL BONNER, ESQ. SB# 247528
**LAW OFFICES OF BONNER & BONNER**
475 GATE FIVE RD, SUITE 212
SAUSALITO, CA 94965
TEL: (415) 331-3070
FAX: (415) 331-2738
charles@bonnerlaw.com
cabral@bonnerlaw.com

ATTORNEYS FOR PLAINTIFF

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS TRUJILLO-LOPEZ,<br><br>           Plaintiff,<br>      vs.<br><br>CITY OF VALLEJO, VALLEJO POLICE DEPARTMENT, POLICE OFFICER ROBERT DEMARCO,  CHIEF OF POLICE ANDREW BIDOU, and Does 1-100,<br><br>           Defendants. | **Case No.:**<br>**COMPLAINT FOR DAMAGES**<br><br>1. **VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)**<br>2. **VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1985)**<br>3. **VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1986)**<br>4. **MONEL CLAIM AGAINST CITY OF VALLEJO 42 U.S.C. 1983**<br>5. **ASSAULT and BATTERY 42 U.S.C. 1983;**<br>6. **FALSE ARREST 42 U.S.C. 1983;**<br>7. **FALSE IMPRISONMENT 42 U.S.C. 1983 ;**<br>8. **FALSE IMPRISONMENT**<br>9. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**<br>10. **MALICIOUS PROSECUTION;**<br>11. **NEGLIGENT TRAINING, HIRING, RETENTION, AND SUPERVISION;**<br>12. **DEFAMATION PER SE**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR DAMAGES**

## I. INTRODUCTION

1. This is a complaint for Civil Rights violations, including claims for excessive force, assault, battery and false arrest of Plaintiff Mr. TRUJILLO-LOPEZ. PLAINTIFF, LUIS TRUJILLO-LOPEZ by his attorney, CHARLES A. BONNER ESQ., alleges as his Complaint for Damages and Civil Rights violations the following facts, and facts upon information and belief.

## II. PARTIES

2. PLAINTIFF, Mr. TRUJILLO-LOPEZ is a citizen of the United States and was a resident of the CITY OF VALLEJO at the time of the incident.

3. Defendants ROBERT DeMARCO and CHIEF OF POLICE ANDREW BIDOU, during all relevant times, were and are police officers employed by Defendant CITY OF VALLEJO.

4. Defendant CITY OF VALLEJO POLICE DEPARTMENT is a division of the CITY OF VALLEJO governmental organization of the State of California.

5. Defendant CITY OF VALLEJO is a governmental organization of the State of California.

## III. DOE DEFENDANTS

6. Plaintiff does not know the true names and capacities, whether individual, corporate, associate, or otherwise of DEFENDANT Does 1 through 200 inclusive, and therefore sue these Defendants by such fictitious names.  Plaintiff will amend his complaint to allege true names and capacities when this has been ascertained.

## IV. RESPONDEAT SUPERIOR

*Respondeat Superior*

7. Mr. TRUJILLO-LOPEZ claims that the CITY OF VALLEJO is liable under the theory of respondeat superior for Defendant Police Officer DeMarco's assault on Plaintiff. Cities may be held vicariously liable for state law torts committed by police officers under a theory of respondeat superior. Therefore, the respondeat superior claim

**COMPLAINT FOR DAMAGES**

against the CITY OF VALLEJO regarding Defendant Police Officer ROBERT DeMARCO is a valid claim, establishing liability against the CITY OF VALLEJO.

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

### *Notice of Claim Government Code 910*

8. Plaintiff's claim was filed and rejected as being late. Plaintiff has complied with all conditions precedent, including filing of a Notice of Claim under Government Code 910, which only applies to State Law Causes of Action; these requirements are not applicable to Plaintiff's first cause of action asserted pursuant to 42. U.S.C. §1983. A notice of claim is not a condition precedent to a cause of action, asserted pursuant to 42 USC § 1983, which seeks to recover damages premised on violations of federal civil or constitutional rights under color of state law.

## VI. JURISDICTION

9. This Court has jurisdiction over this lawsuit because the suit arises under 42 U.S.C. § 1983 and asserts facts showing that Defendants, and each of them, acted willfully, deliberately and pursuant to a policy, custom and practice, and with reckless disregard of Mr. TRUJILLO-LOPEZ's established rights under State law and Federal law and the United States Constitution.

## VII. VENUE

10. Venue is proper in this district under 28 U.S. C. § 1391 (b) (1) because Defendants reside in this district. Venue is also proper in this district under 28 U.S.C§1391 (b) (2) because the events, acts and omissions giving rise to this claim occurred in this district.

## VIII. STATEMENT OF FACTS

11. On Sunday**,** October 28, 2018, Mr. TRUJILLO-LOPEZ was at the store in Vallejo with his friend, Mr. Kenny Santiago, when they received a phone call that DEFENDANT VALLEJO POLICE Department was present on El Camino Drive in Vallejo with a tow truck, towing vehicles.

**COMPLAINT FOR DAMAGES**

12. Plaintiff Mr. TRUJILLO-LOPEZ accompanied his friend Mr. Santiago as quickly as possible to Mr. Santiago's van, which contained all of Mr. Santiago's personal possessions as Mr. Santiago was homeless at the time. Mr. Santiago's van was parked in front of Mr. Trullijo's apartment complex on El Camino Drive, in Vallejo, California.

13. When Mr. TRUJILLO-LOPEZ and Mr. Santiago arrived on the scene, Mr. Santiago's van was not yet connected to the tow truck. DEFENDANT POLICE OFFICER ROBERT DeMARCO was the only officer present. While speaking with Mr. Santiago, Defendant OFFICER ROBERT DeMARCO became belligerent, making rude comments including inviting Mr. TRUJILLO-LOPEZ to fight him. Defendant DeMARCO at all times was holding his police baton at shoulder height in a position to strike.

14. Without provocation, and completely unwarranted and unexpected, OFFICER ROBERT DeMARCO began assaulting Plaintiff Mr. TRUJILLO-LOPEZ with threats of instruction to "fight me". Mr. TRUJILLO-LOPEZ consistently declined the threatening offer and instruction by telling OFFICER ROBERT DeMARCO, "I do not want to fight you and I will not fight you. I understand the consequences of fighting with a police officer and I cannot fight you."

15. OFFICER ROBERT DeMARCO continued to assault Mr. TRUJILLO-LOPEZ with angry, threatening verbal instruction and requests for Mr. TRUJILLO-LOPEZ to "fight me" and Mr. TRUJILLO-LOPEZ continued to refuse the instruction becoming nervous and afraid that this police officer may hurt him for no reason.

16. Finally, OFFICER ROBERT DeMARCO directed his attention to Mr. Santiago and instructed Mr. Santiago that he had five (5) minutes to remove everything from the van before the tow truck driver would connect the van and tow it away.

17. Before the five (5) minutes expired, and while Mr. Santiago and Mr. TRUJILLO-LOPEZ were in the van removing Mr. Santiago's personal belongings, without warning, the tow truck driver connected the van and began lifting it off the ground.

**COMPLAINT FOR DAMAGES**

Mr. Santiago and Mr. TRUJILLO-LOPEZ told the tow truck driver that the police had given them five (5) minutes of which only two (2) minutes had expired.

18. Mr. Santiago and Mr. TRUJILLO-LOPEZ were met with laughter from both the tow truck driver and from OFFICER ROBERT DeMARCO. Mr. Santiago and Mr. TRUJILLO-LOPEZ got out of the van. OFFICER ROBERT DeMARCO started arguing with both Mr. Santiago and Mr. TRUJILLO-LOPEZ. Mr. TRUJILLO-LOPEZ insisted OFFICER ROBERT DeMARCO was violating the agreement to give them five (5) minutes to remove the personal belongings.

19. During this verbal exchange, in which Mr. TRUJILLO-LOPEZ was pleading for additional time for Mr. Santiago to remove his personal belongings from the van, Mr. TRUJILLO-LOPEZ was standing in the street at the curb near the sidewalk. All of a sudden, OFFICER ROBERT DeMARCO pushed Mr. TRUJILLO-LOPEZ with such force that Mr. TRUJILLO-LOPEZ fell backward over the curb onto the sidewalk. As Mr. TRUJILLO-LOPEZ attempted to stand up, hurt and afraid of OFFICER ROBERT DeMARCO, DEFENDANT OFFICER ROBERT DeMARCO raised his metal baton and began violently beating Mr. TRUJILLO-LOPEZ, striking Mr. TRUJILLO-LOPEZ repeatedly in his head, face, arm, and body.

20. During this violent, excessive use of force on Mr. TRUJILLO-LOPEZ, while Mr. TRUJILLO-LOPEZ was lying on the ground, Defendant DeMARCO continued striking Mr. TRUJILLO-LOPEZ on his head, face, arms and body, fracturing his jaw. Defendant DeMARCO's beating caused Mr. TRUJILLO-LOPEZ to suffer bruises, injuries, contusions, mental and emotional distress and Post Traumatic Stress Disorder as well as a concussion and brain injury.

21. Defendant DeMARCO also struck, hit and assaulted with excessive force and without provocation Mr. Santiago. After severely pummeling Mr. TRUJILLO-LOPEZ, fracturing his jaw and elbow, leaving Mr. TRUJILLO-LOPEZ laying on his back writhing in pain, OFFICER ROBERT DeMARCO demands Mr. TRUJILLO-LOPEZ turn over on his stomach with his hands behind his back to be arrested. Mr. TRUJILLO-

**COMPLAINT FOR DAMAGES**

LOPEZ informs OFFICER ROBERT DeMARCO that he is in pain; his arm feels broken and he cannot turn over.

22. While lying on the ground Mr. TRUJILLO-LOPEZ asks OFFICER ROBERT DeMARCO why he attacked him, questioning why OFFICER ROBERT DeMARCO beat him when he was not a threat and wasn't doing anything wrong. Defendant DeMARCO refused to reply. Additional CITY OF VALLEJO POLICE OFFICERS arrived at the scene and grabbed Mr. TRUJILLO-LOPEZ's arm and turned him over onto his stomach, handcuffed him and arrested him..

23. Mr. TRUJILLO-LOPEZ was then put in the back of OFFICER ROBERT DeMARCO's police car and taken to the hospital where he was administered x-rays. The emergency room staff wanted to give Mr. TRUJILLO-LOPEZ pain medication but OFFICER ROBERT DeMARCO refused to let him have it. The doctors put the pain medication in a bag and gave it to OFFICER ROBERT DeMARCO to administer once at the jail.

24. Mr. TRUJILLO-LOPEZ was transferred to the jail but was never given any of the prescribed pain medication from the doctor. Mr. TRUJILLO-LOPEZ was able to make bail and was released from jail. He was charged with resisting arrest and assaulting a police officer.

25. On October 31, 2018, Mr. TRUJILLO-LOPEZ requested his medical records from the day of the incident, and did receive them. He had been seen at 5:21 pm at Sutter Solano Medical Center, 300 Hospital Drive, Vallejo, CA 94589, on October 28, 2018. The records show a medical evaluation on this visit of left elbow contusion and comminuted fracture of his mandibular (small multiple fractures in his jaw consistent with blunt trauma).

26. Instead of following proper police protocol and procedure to conduct an investigative interview consistent with protecting Mr. TRUJILLO-LOPEZ's constitutional rights, DEFENDANT OFFICER ROBERT DeMARCO, gave a false report

**COMPLAINT FOR DAMAGES**

to the Emergency Room Staff at the Hospital which is documented on page 13 of Mr. TRUJILLO-LOPEZ's medical records from the date of the incident.

27. Mr. TRUJILLO-LOPEZ lawfully and immediately complied with the all the officer's directives, regarding unloading Mr. Santiago's belongings from the van within five (5) minutes.

28. Defendant Officer ROBERT DeMARCO then falsely charged Mr. TRUJILLO-LOPEZ with resisting arrest and assaulting a police officer.

### IX. DAMAGES

29. Mr. TRUJILLO-LOPEZ's damages include, but are not limited to, the following: fractured jaw, cut lip, cut, bruised left side of head, bruised and injured left arm and elbow, concussion syndrome, anxiety, mental and emotional distress, humiliation, fear, discomfort, loss of enjoyment of life, inconvenience and suffering, physical and psychic injuries, headaches, nightmares, insomnia, and misery. The injuries, illnesses and harms caused, and continue to cause, Mr. TRUJILLO-LOPEZ to seek and obtain medical treatment and ongoing medical care for his injuries, illnesses and medical conditions, and to incur medical expenses, loss of wages, medical bills, loss of work benefits all caused by the Defendants, and each of them.

**FEDERAL LAW CLAIMS**

**FIRST CAUSE OF ACTION**
**Violation Of United States Civil Rights Laws**
**42 U.S.C. Sections 1983**
**Use of Excessive Force**
**(Against Officer DeMarco)**

30. Plaintiff hereby incorporates the allegations contained in the preceding paragraphs as though fully set forth herein.

31. Federal Law 42. U.S.C. §1983 provides in pertinent part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and

**COMPLAINT FOR DAMAGES**

laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress".

### *Fourth Amendment Claim Excessive Force*

32. "The Fourth Amendment protects individuals from the government's use of excessive force while detaining or arresting individuals." "When determining whether police officers have employed excessive force in the arrest context, the Supreme Court has instructed that courts should examine whether the use of force is objectively reasonable 'in light of the facts and circumstances confronting them, without regard to the officers' underlying intent or motivation."

33. Defendant Police Officer ROBERT DeMARCO's use of unreasonable, unnecessary and excessive force violated Mr. TRUJILLO-LOPEZ's clearly established constitutional rights and was not objectively reasonable in light of the circumstances.

34. A reasonable police officer would have approached Mr. TRUJILLO-LOPEZ politely and respectfully in efforts to ascertain the reason for removing Mr. Santiago's belongings and would have given Mr. TRUJILLO-LOPEZ and Mr. Santiago without assaulting Mr. TRUJILLO-LOPEZ and Mr. Santiago.

35. This is not the reasonable course the Defendant Police Officer took. Instead, these police officers beat, hit, struck and arrested Mr. TRUJILLO-LOPEZ, violating his United States Constitutional Rights, including his Fourth Amendment Right against unreasonable search and seizures, and his Fourteenth Amendment Right of liberty, property, equal protection, and due process, all of which violations are entitling Mr. TRUJILLO-LOPEZ to damages.

36. Mr. TRUJILLO-LOPEZ is now permanently injured, in mind and body because Defendant ROBERT DeMARCO acted unreasonably. Defendant Police Officer ROBERT DeMARCO engaged in a practice and pattern of violations of a citizen's constitutional rights because his superiors, including Police Chief ANDREW BIDOU, covered up his constitutional abuses. Defendant's conduct was intentional,

**COMPLAINT FOR DAMAGES**

malicious, fraudulent, and showed a reckless disregard of the constitutional rights, safety and health of Mr. TRUJILLO-LOPEZ. Defendant's conduct warrants punitive damages to protect the public in the future, in an amount according to proof.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

<u>**SECOND CAUSE OF ACTION**</u>
**Violation of United States Civil Rights Laws**
**42 U.S.C. Sections 1985**
**Conspiracy to Violate Civil Rights**
**(Against Officer DeMarco)**

37. Plaintiff hereby incorporates the allegations contained in the preceding paragraphs as though fully set forth herein.

### ***Obstructing Justice and Conspiracies to Interfere with Civil Rights***

38. Federal Law 42 U.S.C. § 1985 states in relevant parts: "[T]he party so injured or

39. deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators: [I]f two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws."

40. To recover under a § 1985 conspiracy claim for deprivation of civil rights, a plaintiff must prove: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws . . .; (3) an act in furtherance of the conspiracy; (4) whereby a person is . . . deprived of any right of a citizen of the United States."

41. Mr. TRUJILLO-LOPEZ alleges facts that Defendant Police Officer ROBERT DeMARCO acted in concert to fabricate statements in order to prosecute Mr. TRUJILLO-LOPEZ for crimes he knew he did not commit. The fabrication and falsification of Mr.

**COMPLAINT FOR DAMAGES**

TRUJILLO-LOPEZ's statements were overt acts in furtherance of this conspiracy, as were the subsequent acts of concealing the fabrication and withholding evidence.

42. Defendants' conduct was intentional, malicious, fraudulent, and showed a reckless disregard of the constitutional rights, safety and health of Mr. TRUJILLO-LOPEZ. Defendants' conduct warrants punitive damages to protect the public, in an amount according to proof.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

**THIRD CAUSE OF ACTION**
**Violation Of United States Civil Rights Laws**
**42 U.S.C. Sections 1986**
**(Against Defendant ANDREW BIDOU)**

43. Plaintiff hereby incorporates the allegations contained in the preceding paragraphs, as though fully set forth herein.

***ANDREW BIDOU Liability for Neglect to Prevent Violation of Constitutional Rights***

44. 42 U.S. Code § 1986 provides: "Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented...." 42 U.S. Code § 1986.

45. ANDREW BIDOU, having the power to prevent, or aid in preventing, the commission of the violation of Mr. TRUJILLO-LOPEZ's constitutional rights, neglected and refused so to do. ANDREW BIDOU not only neglected to stop the "wrongs conspired to be done" to Mr. TRUJILLO-LOPEZ by officers under his supervision, but ANDREW BIDOU actively joined the conspiracy by falsely declaring in regard to Officer ROBERT DeMARCO: "His actions were lawful, justified and not reckless. The force used was necessary and reasonable." Hence, Mr. TRUJILLO-LOPEZ's Claim against ANDREW BIDOU for "Neglect to Prevent Violation of Constitutional Rights" and

**COMPLAINT FOR DAMAGES**

conspiring to violate, and participating in the violation of, his Fourth, Fifth, and Fourteenth Amendment Rights.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

### FOURTH CAUSE OF ACTION
**Monell Claim**
**42 U.S.C. 1983**
**(Against Defendants CITY OF VALLEJO, Chief ANDREW BIDOU**
**and the VALLEJO POLICE Department)**

46. Plaintiff hereby incorporates the allegations contained in the preceding paragraphs, as though fully set forth herein.

### *Monell Claim: CITY OF VALLEJO's Liability for Excessive Force and False Arrest*

47. At the time of Mr. TRUJILLO-LOPEZ's arrest and vicious beating, Officer ROBERT DeMARCO was acting under color of all the laws and regulations of the State of California and the CITY OF VALLEJO. The CITY OF VALLEJO has a policy, custom, practice and pattern of conduct in place that enables it agents and employee police officers to act with deliberate indifference to the constitutional rights of individuals. This policy, custom, practice and pattern of conduct, includes, but is not limited to, tolerating misconduct by its police officers, encouraging misconduct by failing to adequately supervise, discipline and train its police officers.

48. Plaintiff asserts that the CITY OF VALLEJO is liable for any constitutional torts committed by the individual Defendant Police Officer ROBERT DeMARCO because the CITY OF VALLEJO maintains a custom, policy and pattern and practice of failing to exercise reasonable care in training, supervising and hiring its officers. Plaintiff further alleges the CITY OF VALLEJO maintains a custom, policy, pattern and practice of inaction regarding disciplining police officers for excess force; and a custom, policy, practice and pattern of failing to discipline it Police Officers for violating the constitutional rights of its citizens. Plaintiff also alleges that Defendant VALLEJO CITY POLICE Department has an inadequate Use of Force Policy, which does not clearly draw a bright line defining constitutional violations for excessive

**COMPLAINT FOR DAMAGES**

force. The CITY OF VALLEJO's policy, custom, practice and pattern were a motivating factor causing a deprivation of Mr. TRUJILLO-LOPEZ's constitutional rights.

49. The CITY OF VALLEJO has an urgent need for a clear policy regarding excessive force, wielding a metal baton with excessive force. Plaintiff requests a Declaratory Judgment that the CITY OF VALLEJO policy on excessive force is inadequate and presents clear and present dangers of deprivation of the constitutional rights of persons who have contact with the VALLEJO Police.

50. Under Monell, local governments and their agencies can be sued as "persons" under §1983 and may be liable where a government policy or custom gives rise to a constitutional deprivation. A "custom" does not require official sanction; instead, a custom "may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." Thus, the elements of a Monell claim include: 1) an official policy or custom that, 2) causes the plaintiff to be subjected to, 3) a deprivation of a constitutional right.

51. An "official policy or custom" can be shown in several ways: (1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing municipal policies related to the particular deprivation in question; (3) a practice so consistent and widespread that it constitutes a custom or usage sufficient to impute constructive knowledge of the practice to policymaking officials; and (4) a failure by policymakers to train or supervise subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come in contact with the municipal employees.

52. The record of this case, based on investigation, research, Police Records, News Paper Reports of Claims of excessive force and false arrests of citizens by Defendant Officer ROBERT DeMARCO, the CITY OF VALLEJO shows a pattern, practice, custom and policy by Chief of ANDREW BIDOU in failing to respect, uphold and enforce the constitutional rights of the citizens of the CITY OF VALLEJO. Defendant Chief of

**COMPLAINT FOR DAMAGES**

Police ANDREW BIDOU's failure to discipline, train and supervise the police officers under his command has resulted in the assault and battery, false arrest and civil rights violations of Mr. TRUJILLO-LOPEZ and many, many other law abiding citizens of VALLEJO, suffering unwarranted excessive force culminating in beatings and murders sanctioned by the CITY OF VALLEJO POLICE Department. Defendant Chief of Police ANDREW BIDOU's actions and inactions as the government official responsible for establishing municipal policies related to discipline, training and supervising the CITY OF VALLEJO police officers have been the motivating factors in the deprivations of constitutional rights of Mr. TRUJILLO-LOPEZ and of many other victims of police brutality and misconduct in VALLEJO.

53. Chief ANDREW BIDOU's inactions, resulting in a policy of inaction, a policy of lack of supervision, and a policy of lack of training for his police officers in how to protect the constitutional rights of citizens was a direct and proximate cause of the violation of Mr. TRUJILLO-LOPEZ's Constitutional Rights as stated herein. Chief ANDREW BIDOU's policy, custom and practice of inaction, lack of discipline and lack of training of his officers led ROBERT DeMARCO to violate the Constitutional rights of Mr. TRUJILLO-LOPEZ. Chief ANDREW BIDOU's ratification of the police officers' misconduct constitutes also a pattern, practice and custom and unwritten policy in the VALLEJO Police Department to cover up the police brutality and violations of constitutional rights.

### *Evidence of a Policy and Custom and Practice of the Use of Excessive Police Force*

54. There are numerous cases involving Vallejo Police Officers, including Officer DeMarco, exhibiting excessive force against Vallejo's citizens.

55. These case examples of excessive force, out of a long list of similar cases is evidence to prove that the policy maker, at all relevant times, Chief of Police Officer ANDREW BIDOU, maintained an official policy, pattern, practice or custom of the CITY OF VALLEJO that led to the deprivation of Plaintiff Mr. TRUJILLO-LOPEZ's constitutional rights. Therefore, Defendants Chief ANDREW BIDOU and the CITY OF

**COMPLAINT FOR DAMAGES**

VALLEJO are liable to Plaintiff Mr. TRUJILLO-LOPEZ for directly and proximately causing violations of his United States Constitutional Rights and resulting in economic and non-economic damages.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

**FIFTH CAUSE OF ACTION**
**42 U.S.C. Sections 1983**
**Assault and Battery**
**(Against Defendant ROBERT DeMARCO)**

56. Plaintiff hereby incorporates the allegations contained in the preceding paragraphs, as though fully set forth herein.

57. Plaintiff Mr. TRUJILLO-LOPEZ alleges that Defendant Police Officer ROBERT DeMARCO assaulted and battered him. "[T]he test for whether a plaintiff can maintain . . . a cause of action against law enforcement officials [for assault and battery] is whether the force used was 'reasonable,' the exact same test as the one used to analyze a Fourth Amendment excessive force claim." Defendant Police Officer ROBERT DeMARCO used unreasonable force against Mr. TRUJILLO-LOPEZ. The undisputed facts are that Defendant Police ROBERT DeMARCO assaulted and battered Mr. TRUJILLO-LOPEZ, causing him permanent damages as hereinabove alleged. Defendant's conduct was intentional, malicious, fraudulent, and shows a reckless disregard of the constitutional rights, safety and health of Mr. TRUJILLO-LOPEZ. Defendants' conduct warrants punitive damages to protect the public in an amount according to proof.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

**SIXTH CAUSE OF ACTION**
**42 U.S.C. Sections 1983**
**False Arrest**
**(Against Officer ROBERT DeMARCO)**

58. Plaintiff hereby incorporates the allegations contained in the preceding paragraphs, as though fully set forth herein.

59. Mr. TRUJILLO-LOPEZ alleges that Defendant Police Officer ROBERT DeMARCO violated his Fourth Amendment rights by subjecting him to "an unreasonable

**COMPLAINT FOR DAMAGES**

search and seizure of his person" and the "loss of his physical liberty." The elements of a Fourth Amendment false arrest claim under 42 U.S.C. §1983 are the same as those for a false arrest claim under California law. "To state a claim for false arrest under California law, a plaintiff must show that (1) the defendant intended to confine the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged."

60. The evidence proves by the requisite preponderance standard that Police Officer ROBERT DeMARCO  made a false arrest of Mr. TRUJILLO-LOPEZ by confining him at his home,at the hospital, arresting him and at all times until release. Mr. TRUJILLO-LOPEZ was at all time conscious of his unprivileged and humiliating confinement to which he did not consent. Defendants, and each of them, are liable for Mr. TRUJILLO-LOPEZ's damages.

### *Qualified Immunity No Defense*

61. Defendant might argue that even if the court finds that Defendant Officer ROBERT DeMARCO used excessive force, he is entitled to qualified immunity. The qualified immunity inquiry generally involves two issues: (1) "whether the facts, viewed in the light most favorable to the plaintiff, establish a constitutional violation"; and (2) "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation confronted."

62. In determining the second issue (i.e., whether it would be clear to a reasonable officer that his conduct was unlawful in the situation confronted), courts in the Second Circuit consider three factors: (1) whether the right in question was defined with 'reasonable specificity'; (2) whether the decisional laws of the Supreme Court and the applicable circuit court support the existence of the right in question; and (3) whether under pre-existing law a reasonable defendant official would have understood that his or her acts were unlawful. In the excessive force context "the question for the purposes of qualified immunity is whether a reasonable officer

**COMPLAINT FOR DAMAGES**

could have believed that the use of force was objectively reasonable in light of the circumstances." In excessive force cases, then, the analysis "converge[s] on one question: Whether in the particular circumstances faced by the officer, a reasonable officer would believe that the force employed would be lawful."

63. In the particular circumstances faced by the officer as shown by the evidence, a reasonable officer would believe that no force at all needed to be employed and that any force against an innocent man, not a suspect in any crime, would be unlawful. Police Officer ROBERT DeMARCO was not presented with any facts, events or circumstances to lead him to reasonably believe that beating a citizen who was at all times abiding by all laws was a lawful use of force. As a Sworn Police Officer to uphold the laws of the United States of America, Police Officer ROBERT DeMARCO is presumed to know the limits of lawful force under the Fourth Amendment of the Constitution. Police Officer ROBERT DeMARCO willfully, knowingly and with a conscious disregard of Mr. TRUJILLO-LOPEZ's health, safety, and rights violated Mr. TRUJILLO-LOPEZ's Fourth Amended Rights against unreasonable seizures. He committed a false arrest upon Mr. TRUJILLO-LOPEZ, and willfully filed false depositions to cover up his illegal excessive force. Plaintiff's constitutional excessive force claim and assault and battery claims are not subject to the defense of qualified immunity by Defendant Police Officer ROBERT DeMARCO. Defendant Police Officer ROBERT DeMARCO is not entitled to qualified immunity.  Defendant's conduct was intentional, malicious, fraudulent, and shows a reckless disregard of the constitutional rights, safety and health of Mr. TRUJILLO-LOPEZ. Defendant's conduct warrants punitive damages to protect the public in an amount according to proof.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

### SEVENTH CAUSE OF ACTION
**False Imprisonment**
**42 U.S.C. § 1983**
**(Against Defendant Officer ROBERT DeMARCO)**

**COMPLAINT FOR DAMAGES**

64. Plaintiff hereby incorporates the allegations contained in the preceding paragraphs, as though fully set forth herein.

65. Mr. TRUJILLO-LOPEZ alleges that Defendant Police Officer ROBERT DeMARCO violated his Fourth Amendment rights by subjecting

66. The elements of a Fourth Amendment false arrest claim under 42 U.S.C. §1983 are the same as those for a false arrest claim under California law. "To state a claim for false arrest under California law, a plaintiff must show that (1) the defendant intended to confine the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged."

67. The evidence proves by the requisite preponderance standard that Police Officer ROBERT DeMARCO created a "loss of his physical liberty" for Mr. TRUJILLO-LOPEZ by confining him. Defendant ROBERT DeMARCO is liable for the damages Mr. TRUJILLO-LOPEZ suffered, including mental and emotional distress, humiliation and shock. Defendant's conduct was intentional, malicious, fraudulent, and shows a reckless disregard of the constitutional rights, safety and health of Mr. TRUJILLO-LOPEZ. Defendant's conduct warrants punitive damages to protect the public in an amount according to proof.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

**CALIFORNIA STATE LAW CLAMS**

**EIGHTH CAUSE OF ACTION**
**False Imprisonment**
**(Against Officer ROBERT DeMARCO)**

68. Plaintiff hereby incorporates the allegations contained in the preceding paragraphs, as though fully set forth herein.

69. Plaintiff Mr. TRUJILLO-LOPEZ alleges that Defendant Police Officer ROBERT DeMARCO falsely imprisoned him by subjecting him to "an unreasonable search and seizure of his person" and the "loss of his physical liberty."

**COMPLAINT FOR DAMAGES**

70. The evidence proves by the requisite preponderance standard that Police Officer ROBERT DeMARCO, engaged in the False Imprisonment of Mr. TRUJILLO-LOPEZ by confining him at the hospital, and at all times until release. Mr. TRUJILLO-LOPEZ was at all times conscious of his unprivileged and humiliating confinement to which he did not consent. Defendant is liable for Mr. TRUJILLO-LOPEZ's damages. Defendant's conduct was intentional, malicious, fraudulent, and shows a reckless disregard of the constitutional rights, safety and health of Mr. TRUJILLO-LOPEZ. Defendant's conduct warrants punitive damages to protect the public in an amount according to proof.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

## NINETH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress
### (Against Officer ROBERT DeMARCO)

71. Plaintiff hereby incorporates the allegations contained in the preceding paragraphs, as though fully set forth herein.

72. Under California law, "To prevail on a cause of action for intentional infliction of emotional distress, a plaintiff must prove four elements: (1) extreme and outrageous conduct; (2) intent to cause, or disregard for the substantial probability of causing, severe emotional distress; (3) a causal connection between the conduct and the injury; and (4) severe emotional distress."

73. DEFENDANT ROBERT DeMARCO inflicted objectively excessive and unreasonable force upon Mr. TRUJILLO-LOPEZ, including bloodying his face, head, body, breaking his nose, cutting his lip and bashing a gash in the side on his head, requiring stitches. Defendant Police Officer ROBERT DeMARCO engaged in extreme and outrageous conduct that should not be tolerated in a civilized society and is not tolerated in our society by police officers who are our public servants.

74. DEFENDANT ROBERT DeMARCO was abusing his authority to make such an illegal order to restrain the liberty of Mr. TRUJILLO-LOPEZ who suffered damages, injuries and harms as a direct result of the extreme and outrageous conduct of DEFENDANT

**COMPLAINT FOR DAMAGES**

OFFICER ROBERT DeMARCO. Defendant's conduct was intentional, malicious, fraudulent, and shows a reckless disregard of the constitutional rights, safety and health of Mr. TRUJILLO-LOPEZ. Defendant's conduct warrants punitive damages to protect the public in an amount according to proof.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

### TENTH CAUSE OF ACTION
### MALICIOUS PROSECUTION
### (Against Officer ROBERT DeMARCO)

75. Plaintiff hereby incorporates the allegations contained in the preceding paragraphs, as though fully set forth herein.

76. "A plaintiff alleging the constitutional tort of malicious prosecution in an action pursuant to § 1983 must establish a termination of the prosecution in his favor in accordance with applicable state law." Rather, the law in California could not be clearer: "[A]ny termination of a criminal prosecution, such that the criminal charges may not be brought again, qualifies as a favorable termination, so long as the circumstances surrounding the termination are not inconsistent with the innocence of the accused."

77. In a § 1983 malicious prosecution claim, the presumption of probable cause is likewise analyzed in accordance with state law. "[T]he analysis of the state and the federal claims is identical." Mr. TRUJILLO-LOPEZ alleges that Defendants, and each of them, suppressed exculpatory evidence, fabricated statements, and failed to adequately investigate evidence of innocence. The prosecution pressed against Mr. TRUJILLO-LOPEZ was procured by fraudulent and coercive conduct by Officer ROBERT DeMARCO and ANDREW BIDOU by filing false police reports, and ignoring eye witness statements at the scene. These claims are sufficient to put each Defendant on notice of what they allegedly did or did not do. Mr. TRUJILLO-LOPEZ alleges that Defendant Police Officer ROBERT DeMARCO , including Defendant Chief of Police ANDREW BIDOU, acted with malice under California law because they "commenced the criminal proceeding due to a wrong or improper motive,

**COMPLAINT FOR DAMAGES**

something other than a desire to see the ends of justice served." Thus Mr. TRUJILLO-LOPEZ is entitled to relief and to all of his damages against all Defendants. Defendants' conduct was intentional, malicious, fraudulent, and shows a reckless disregard of the constitutional rights, safety and health of Mr. TRUJILLO-LOPEZ. Defendants' conduct warrants punitive damages to protect the public in an amount according to proof.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

### ELEVENTH CAUSE OF ACTION
**Negligent Training, Hiring, Retention, And Supervision**
**(Against CITY OF VALLEJO)**

78. Plaintiff hereby incorporates the allegations contained in the preceding paragraphs, as though fully set forth herein.

79. Defendant CITY OF VALLEJO maintains a custom, policy and pattern and practice of negligently failing to exercise reasonable care in training, supervising and hiring its officers.  Defendant CITY OF VALLEJO has a duty to conduct training, hiring, retention, and supervision of its police officers so these agents and employees will protect and serve, rather than break the very laws, including the United States Constitution, they are sworn to uphold. Defendant CITY OF VALLEJO breached, and still breaches, this legally imposed duty by allowing its police officers to engage in lawless behavior and conduct, including terrorizing the citizens of the city.

80. Plaintiff further alleges that the CITY OF VALLEJO maintains a custom, policy, pattern and practice of inaction regarding the disciplining of police officers for excess force; and a custom, policy, practice and pattern of failing to discipline it Police Officers for violating the constitutional rights of its citizens. Plaintiff also alleges that the CITY OF VALLEJO Police Department has an inadequate Use of Force Policy, which does not clearly draw a bright line defining constitutional violations for excessive force such as beating Mr. TRUJILLO-LOPEZ with his metal baton.  The CITY OF VALLEJO's policy, custom, practice and pattern were a motivating factor in

**COMPLAINT FOR DAMAGES**

causing a deprivation of Mr. TRUJILLO-LOPEZ's constitutional rights and causing all of his injuries, damages and harms.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

## TWELFTH CAUSE OF ACTION
### DEFAMATION PER SE
### (Against All Defendants)

81. Plaintiff hereby incorporates the allegations contained in the preceding paragraphs, as though fully set forth herein.

82. Libel Per Se consists of "[a]ny written or printed article . . . if it tends to expose the plaintiff to public contempt, ridicule, aversion or disgrace, or induce an evil opinion of him in the minds of right-thinking persons, and to deprive him of his friendly intercourse in society."

83. Where the complaint states a good cause of action for libel per se . . . there is no need for plaintiff to allege special damage.

84. Police Officer ROBERT DeMARCO, including Defendant Chief of Police ANDREW BIDOU, committed Defamation and Libel Per Se against Mr. TRUJILLO-LOPEZ when each intentionally and knowingly published false Police Reports, falsely charging Mr. TRUJILLO-LOPEZ with serious crimes, which they knew he did not commit.

85. Mr. TRUJILLO-LOPEZ has suffered damages, injuries and harms as a direct result of the Libel and Defamation Per Se conduct by Defendant Officer ROBERT DeMARCO. Defendant's conduct was intentional, malicious, fraudulent, and shows a reckless disregard of the constitutional rights, safety and health of Mr. TRUJILLO-LOPEZ. Defendant's conduct warrants punitive damages to protect the public in an amount according to proof.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

## PRAYER FOR RELIEF

1. For special and economic damages, including lost wages, for all Claims

2. For general and non-economic damages for all Causes of Action;

**COMPLAINT FOR DAMAGES**

3.     For $3,000,000.00 against each defendant, individually and severally for brain damage, pain, bleeding, swelling,  misery, suffering, loss of enjoyment of life, for loss of ability to pursue happiness, for severe mental and emotional distress, anxiety, humiliation and other non-economic and economic damages.

4.     For $3,000,000.00 as punitive damages for all Claims only against Defendant Police Officer ROBERT DeMARCO, and in his individual capacity for the protection of the public;

5.     For pre-judgment and post-judgment interest at the prevailing legal rate;

6.     For costs of the suit including reasonable attorney's fees;

7.     An order declaring Mr. TRUJILLO-LOPEZ factually innocent of all dismissed charges;

8.     An order declaring that Officer ROBERT DeMARCO committed a misdemeanor for filing false Police Reports, committing felony assault against Mr. TRUJILLO-LOPEZ.

9.     An order declaring that the CITY OF VALLEJO's Use of Force Policy is inadequate to protect the constitutional rights of individuals and citizens who come in contact with the VALLEJO POLICE.

10.    An order declaring that such force as strikes against the head and face is per se excessive force.

11.    For such other and further relief, including injunctive relief, as the Court may deem proper.

**Dated: March 27, 2020**                                 **RESPECTFULLY SUBMITTED,**

**LAW OFFICES OF BONNER & BONNER**

*/ s/Charles A. Bonner*
Charles A. Bonner, Esq.
Attorney for Plaintiff

**COMPLAINT FOR DAMAGES**