CHARLES A. BONNER, ESQ. SB# 85413
A. CABRAL BONNER, ESQ. SB# 247528
**LAW OFFICES OF BONNER & BONNER**
475 GATE FIVE RD, SUITE 211
SAUSALITO, CA 94965
TEL: (415) 331-3070
FAX: (415) 331-2738
charles@bonnerlaw.com
cabral@bonnerlaw.com

ATTORNEYS FOR PLAINTIFF

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUIS TRUJILLO-LOPEZ,<br><br>     Plaintiff,<br>vs.<br><br>CITY OF VALLEJO, POLICE OFFICER ROBERT DEMARCO, CHIEF OF POLICE ANDREW BIDOU, and DOES 1-100,<br><br>     Defendants. | Case No.: 4:20-cv-02139-JSW<br><br>**AMENDED COMPLAINT FOR DAMAGES**<br><br>1. **VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)**<br>2. **MUNICIPAL LIABILITY AGAINST CITY OF VALLEJO (42 U.S.C. 1983)**<br>3. **SUPERVISORY LIABILITY (42 U.S.C. 1983)**<br><br>**JURY TRIAL DEMANDED** |

**I.**

**INTRODUCTION**

1.     This action is an affirmative step in redressing one instance of an ongoing and systemic policy and practice of law enforcement's overreach and abuse of power that has unabatedly perpetuated throughout the Defendant CITY OF VALLEJO's police department. While Plaintiff LUIS TRUJILLO-LOPEZ ("MR. TRUJILLO-LOPEZ") seeks redress for the life altering harms he incurred on account of one incident reflective of this policy and practice, there are many like him who have sought and continue to seek justice and to finally put an end to police brutality that has no place in a society that provides its citizens with

**AMENDED COMPLAINT FOR DAMAGES**

constitutional rights to be free from unreasonable governmental overreach and state sanctioned violence. Through his attorney, Charles Bonner, Esq., Mr. TRUJILLO-LOPEZ hereby seeks to hold Defendants liable for their actions based upon the following facts, information and belief, and the law that supports them.

## JURISDICTION

2.      This Court has jurisdiction over this lawsuit pursuant to 42 U.S.C. § 1983 and asserts facts showing that Defendants, and each of them, acted willfully, deliberately and pursuant to a policy, custom and practice, and with reckless disregard of Mr. TRUJILLO-LOPEZ's established rights under Federal law and the United States Constitution. This Court additionally has jurisdiction pursuant to 28 U.S.C. §§ 2201 and 2202 to declare the rights of the parties and to grant all further relief deemed necessary and proper.

## VENUE

3.      Venue is proper in this district under 28 U.S. C. § 1391 (b) (1) on account that Defendants reside in this district. Venue is also proper in this district under 28 U.S.C§1391 (b) (2) because the events, acts and omissions giving rise to this claim occurred in this district.

## II.

## PARTIES

4.      PLAINTIFF, Mr. TRUJILLO-LOPEZ is a citizen of the United States and was a resident of the CITY OF VALLEJO at the time of the incident.

5.      Defendants ROBERT DeMARCO ("Officer DeMARCO") and CHIEF OF POLICE ANDREW BIDOU ("CHIEF BIDOU"), during all relevant times, were and are police officers employed by Defendant CITY OF VALLEJO. Both Officer DeMARCO and CHIEF BIDOU are being sued in their Individual capacities.

6.      Defendant CITY OF VALLEJO is a governmental organization of the State of California.

**AMENDED COMPLAINT FOR DAMAGES**

## V.

## **DOE DEFENDANTS**

7. Plaintiff does not know the true names and capacities, whether individual, corporate, associate, or otherwise of DEFENDANT DOES 1 through 200 inclusive, and therefore sue these Defendants by such fictitious names. Plaintiff will amend his complaint to allege true names and capacities when this has been ascertained.

## VI.

## **RESPONDEAT SUPERIOR**

8. Mr. TRUJILLO-LOPEZ claims that the CITY OF VALLEJO is liable under the theory of respondeat superior for Defendant Police Officer DeMARCO's assault on MR. TRUJILLO-LOPEZ. The CITY OF VALLEJO may be held vicariously liable for state law torts committed by police officers under a theory of respondeat superior. Therefore, the respondeat superior claim against the CITY OF VALLEJO regarding Defendant Police Officer ROBERT DeMARCO is a valid claim, establishing liability against the CITY OF VALLEJO.

## VII.

## **STATEMENT OF FACTS**

9. On Sunday, October 28, 2018, Plaintiff Mr. TRUJILLO-LOPEZ was at a store in Vallejo with his friend, Mr. Kenny Santiago, when they received a phone call that DEFENDANT VALLEJO POLICE Department was present on El Camino Drive in Vallejo with a tow truck, towing vehicles.

10. Plaintiff Mr. TRUJILLO-LOPEZ accompanied his friend Mr. Santiago as quickly as possible to Mr. Santiago's van, which contained all of Mr. Santiago's personal possessions as Mr. Santiago was homeless at the time. Mr. Santiago's van was parked in front of Mr. TRUJILLO-LOPEZ's 's apartment complex on El Camino Drive, in Vallejo, California.

11. When Mr. TRUJILLO-LOPEZ and Mr. Santiago arrived on the scene, Mr. Santiago's van was not yet connected to the tow truck. Defendant Officer DeMARCO was the only officer present. While speaking with Mr. Santiago, Officer DeMARCO immediately assumed a hostile and belligerent tone, making rude comments including provoking Mr.

**AMENDED COMPLAINT FOR DAMAGES**

TRUJILLO-LOPEZ to fight him. At all times throughout the encounter, Defendant DeMARCO was holding and brandishing his police baton at shoulder height poised in striking position.

12.   Without provocation, Officer DeMARCO began hurling threats at Mr. TRUJILLO-LOPEZ and challenging him to physically fight despite the fact that police officer DeMARCO was dressed in full uniform and armed with a metal baton and firearm. Mr. TRUJILLO-LOPEZ reasonably and adamantly declined DeMARCO's offer informing him, "I do not want to fight you and I will not fight you. I understand the consequences of fighting with a police officer and I cannot fight you."

13.   Officer DeMARCO persisted in provoking Mr. TRUJILLO-LOPEZ to strike him, a uniformed police officer, but Mr. TRUJILLO-LOPEZ calmly refused knowing that Officer DeMARCO was looking for an excuse to physically attack him,

14.   Unable to incite an altercation with Mr. TRUJILLO-LOPEZ, Officer DeMARCO directed his attention to Mr. Santiago and informed him that he had five (5) minutes to remove everything from his van before the tow truck driver would tow it away.

15.   Before the five (5) minutes expired, and while Mr. Santiago and Mr. TRUJILLO-LOPEZ were in the van removing Mr. Santiago's personal belongings, the tow truck driver, upon Officer DeMARCO's direction and without warning, connected the van and began lifting it off the ground. Mr. Santiago and Mr. TRUJILLO-LOPEZ told the tow truck driver that Officer DeMARCO had given them five (5) minutes of which only two (2) minutes had expired.

16.   Mr. Santiago and Mr. TRUJILLO-LOPEZ's response was met with laughter from both the tow truck driver and from Officer DeMARCO. Mr. Santiago and Mr. TRUJILLO-LOPEZ disembarked from the van. Mr. TRUJILLO-LOPEZ inquired as why Officer DeMARCO reneged on his offer of to provide the two five minutes to remove Mr. Santiago's personal belongings.

17.   Mr. TRUJILLO-LOPEZ reasonably requested Officer DeMARCO to provide Mr. Santiago additional time to remove his personal belongings from the van. In addressing Officer DeMARCO, Mr. TRUJILLO-LOPEZ was standing in the street by the curb near the sidewalk. Without a command to step aside nor warning that failure to comply would result in physical restraint, Officer DeMARCO pushed Mr. TRUJILLO-LOPEZ with such force that Mr.

**AMENDED COMPLAINT FOR DAMAGES**

TRUJILLO-LOPEZ was catapulted backward onto the sidewalk. As Mr. TRUJILLO-LOPEZ attempted to stand up, Officer DeMARCO reflexively raised his metal baton and began violently beating Mr. TRUJILLO-LOPEZ by repeatedly striking his head, face, arms, and body. The blows brought Mr. TRUJILLO-LOPEZ immediately to the ground.

18. Despite attempting to cover his body to protect against the impending blows, Officer DeMARCO mercilessly persisted in delivering blows to Mr. TRUJILLO-LOPEZ's head, face, arms and body. Defendant DeMARCO's beating caused Mr. TRUJILLO-LOPEZ to incur serious concussions, contusions, fractures, brain injuries and deep tissue damage, as well as mental and emotional distress and serious post-traumatic stress.

19. Officer DeMARCO also violently assaulted Mr. Santiago with excessive force and without provocation. After severely pummeling Mr. TRUJILLO-LOPEZ, Mr. TRUJILLO-LOPEZ was lying on his back writhing in pain on the ground. Despite witnessing such complete submission and inability to move, Officer DeMARCO demanded Mr. TRUJILLO-LOPEZ to turn over onto his stomach with his hands behind his back. With teeth chattering, Mr. TRUJILLO-LOPEZ responded that he was in excruciating pain with what he perceived to be a broken arm and as such, he was unable to turn over on his stomach.

20. Mr. TRUJILLO-LOPEZ asked Officer DeMARCO why he had attacked him and beat him to a pulp when he posed no threat nor had he done anything other than asking for more time to assist his friend in removing his belongings from his 'home' before it was to be towed away. Defendant DeMARCO refused to answer Mr. TRUJILLO-LOPZ's reasonable request. Additional CITY OF VALLEJO Police Officers arrived at the scene and grabbed Mr. TRUJILLO-LOPEZ's arm and turned him over onto his stomach, handcuffed him and placed him under arrest.

21. Mr. TRUJILLO-LOPEZ was then placed in the back of Officer DeMARCO's police car and taken to the hospital where he was administered x-rays. The emergency room staff wanted to give Mr. TRUJILLO-LOPEZ pain medication but Officer DeMARCO refused to let him have it. The doctors put the pain medication in a bag and gave it to Officer DeMARCO to administer once at the jail.

**AMENDED COMPLAINT FOR DAMAGES**

22. Mr. TRUJILLO-LOPEZ was transferred to the jail but was never given any of the prescribed pain medication. Thankfully Mr. TRUJILLO-LOPEZ was able to post bail and was released from jail. He was charged with resisting arrest and assaulting a police officer.

23. On October 31, 2018, Mr. TRUJILLO-LOPEZ requested his medical records from the day of the incident. According to the records, he had been admitted to Sutter Solano Medical Center, Vallejo at 5:21 pm, on October 28, 2018. The records indicated that upon a medical evaluation, Mr. TRUJILLO-LOPEZ incurred a left elbow contusion and comminuted fracture of his mandibular, i.e., small multiple fractures in his jaw consistent with blunt trauma.

24. Instead of following proper police protocol and procedure to conduct an investigative interview consistent with protecting Mr. TRUJILLO-LOPEZ's constitutional rights, Officer DeMARCO provided Sutter Solano's emergency room staff with a patently false report of the incident requiring Mr. TRUJILLO-LOPEZ' to receive medical attention.

25. Thereafter, Officer DeMARCO falsely charged Mr. TRUJILLO-LOPEZ with resisting arrest and assaulting a police officer. Officer DeMARCO crafted a false narrative in his police report to substantiate his 'trumped up' and factually unsupported charges. Upon information and belief, CHIEF BIDOU ratified Officer DeMARCO's conduct finding that he conducted himself in a constitutionally permissible manner while knowing that DeMARCO, as well as other officers in his department were engaging in a pattern and practice of deploying excessive force.

26. On or about March 14, 2022, after a delay of four years exacerbated by the COVID lockdown, Plaintiff, Mr. TRUJILLO-LOPEZ entered a no contest plea to Penal Code 415(1), disturbing the peace, which formally permitted him to move forward on vindicating his rights and redress the harms he incurred on account of Defendants' constitutionally infirm conduct.

## IX.

## **DAMAGES**

27. Mr. TRUJILLO-LOPEZ's damages include, but are not limited to, the following:

**AMENDED COMPLAINT FOR DAMAGES**

fractured jaw, cut lip, cut, bruised left side of head, bruised and injured left arm and elbow, concussion syndrome, anxiety, mental and emotional distress, humiliation, fear, discomfort, loss of enjoyment of life, inconvenience and suffering, physical and psychic injuries, headaches, nightmares, insomnia, and misery. The injuries, illnesses and harms caused, and continue to cause, Mr. TRUJILLO-LOPEZ to seek and obtain medical treatment and ongoing medical care for his injuries, illnesses and medical conditions, and to incur medical expenses, loss of wages, medical bills, loss of work benefits all caused by the Defendants, and each of them.

## FIRST CAUSE OF ACTION
## 42 U.S.C. Sections 1983
## Use of Excessive Force in Violation of the Fourth Amendment
## (Against Officer DeMarco)

28. Plaintiff hereby incorporates the allegations contained in the preceding paragraphs as though fully set forth herein.

29. Federal Law 42. U.S.C. §1983 provides in pertinent part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress".

30. The Fourth Amendment protects individuals from the government's use of excessive force while detaining or arresting individuals. When determining whether police officers have employed excessive force in the arrest context, the Supreme Court has instructed that courts should examine whether the use of force is objectively reasonable 'in light of the facts and circumstances confronting them, without regard to the officers' underlying intent or motivation."

31. Defendant Officer DeMARCO's use of objectively unreasonable, unnecessary and excessive force violated Mr. TRUJILLO-LOPEZ's clearly established constitutional rights.

32. A reasonable police officer would have approached Mr. TRUJILLO-LOPEZ politely and respectfully in efforts to explain the reasons underlying the towing of Mr.

**AMENDED COMPLAINT FOR DAMAGES**

1  Santiago's vehicle. Similarly, a reasonable Officer, after learning that the vehicle was Mr.
2  Santiago's home, would have given Mr. TRUJILLO-LOPEZ and Mr. Santiago reasonable time
3  to collect Mr. Santiago's necessary belongings on account of his having to forego access to his
4  vehicle which served as his residence. Given the circumstances confronting Officer
5  DeMARCO, such conduct would have been reasonable without any need to immediately
6  resort to provocation, assault, and excessive force upon MR. TRUJILLO-LOPEZ and Mr.
7  Santiago.

8  33.  Thus, Officer DeMARCO beat, hit, struck and arrested Mr. TRUJILLO-LOPEZ, in
9  violation of his Fourth Amendment rights against unreasonable search and seizures, and his
10 Fourteenth Amendment right of liberty, property, equal protection, and due process, all of
11 which entitle Mr. TRUJILLO-LOPEZ to damages.

12 34.  Mr. TRUJILLO-LOPEZ is now permanently injured, both physically and
13 mentally on account of Officer DeMARCO's unequivocal brutality and his, as well as other
14 Vallejo DP officers' engagement in a pattern and practice of deploying excessive force while
15 effectuating restraint, detention and arrest of unsuspecting citizens, with the tacit
16 permission and ratification by Vallejo Police Department's Chief, Defendant ANDREW BIDOU
17 and the CITY OF VALLJO. Defendants' conduct was intentional, malicious, fraudulent, and
18 showed a reckless disregard of the constitutional rights, safety and health of Mr. TRUJILLO-
19 LOPEZ. Defendants' DeMARCO and CHIEF BIDOU's conduct warrants punitive damages to
20 protect the public in the future, in an amount according to proof.

21     WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

**SECOND CAUSE OF ACTION**
**Municipal Liability**
**42 U.S.C. 1983**
**(Against Defendant CITY OF VALLEJO)**

25 35.  Plaintiff hereby incorporates the allegations contained in the preceding
26 paragraphs, as though fully set forth herein.

27 36.  At the time of Mr. TRUJILLO-LOPEZ's arrest and vicious beating, Officer
28 ROBERT DeMARCO was acting under color of all the laws and regulations of the State of

**AMENDED COMPLAINT FOR DAMAGES**

California and the CITY OF VALLEJO.

37. The CITY OF VALLEJO has a policy, custom, practice and pattern of conduct in place that enables it agents and employee police officers to act with deliberate indifference to the constitutional rights of individuals.

38. Thus, on account of the CITY's policy and custom of inaction in both supervising and disciplining its police officers who engage in a customary pattern and practice of deploying excessive force when responding to dispatched police calls., the CITY OF VALLEJO is municipally liable.

39. Similarly, on account of Defendant DeMARCO's and other CITY's police officers engagement in a pattern and practice of subjecting citizens with whom they encounter with force well beyond that which was required, such conduct reasonably and glaringly reflects the CITY's patently inadequate training that was "so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need and rights of the CITY's citizens.

40. On account of the following legal actions (and their subsequent settlements) filed against the CITY on account of its police officers conduct in deploying excessive force when undertaking their police duties, the CITY was very much placed on notice that their officers were persistently disregarding the rights of its citizens and the CITY's omission and inaction in response thereof reflects a custom of deliberate indifference.

41. For example, in January 2015, Mr. Jon Connelly was violently attacked by Vallejo Police Officer Bradley Phillips. During the incident, Officer Phillips threw Mr. Connelly to the ground and smashed his hand/wrist into the concrete with his boot, causing broken bones. In addition, Mr. Connelly suffered a torn rotator cuff and other injuries. The involved officers were never disciplined or retrained for the underlying incident nor the witness tampering. (See, Eastern District of California ("EDCA") 2:16-cv-1604)

42. In June 2015, Jason Anderson was pulled over by Vallejo Police Officers Herndon, Melville, and Coelho. Officers inexplicably tased Mr. Anderson several times and

**AMENDED COMPLAINT FOR DAMAGES**

punched him multiple times. During the incident, Officers were caught on audio concocting a story to conceal their violations. No officers were disciplined or retrained as a result of this incident. Litigation is ongoing. (EDCA 2:17-cv-00137)

43.     In August 2015, Mr. Jimmy Brooks was having a mental health crisis when Vallejo Police Department Officers Spencer Munoz-Bottomley, Matthew Samida, Zach Jacobsen, James Duncan, Officer Hicks, Jesse Irwin and Ted Postolaki responded. Instead of providing mental health services, officers ended up breaking Mr. Brooks' ankle and fibula. No officers were disciplined or retrained as a result of this incident. This case settled. (EDCA 2:16-cv-02376).

44.     In or about December 2015, PO DeMARCO, when responding to a domestic call, subjected one of the party's, Joseph Ledesma to excessive force with a metal baton resulting in brutally breaking Mr. Ledesma's arm in several places and fracturing his shin. The Federal court issued an order confirming the City's supervisory failure and failure to discipline. The CITY settled Mr. Ledesma's suit for $175,000. (EDCA 2:17-cv-0010).

45.     In April 2016, Mr. Derrick Shields was attacked by multiple Vallejo Police Officers while lying face down on the ground. Officers kicked, punched, and struck him with a baton and flashlight. Mr. Shields was knocked unconscious and suffered a broken jaw and broken teeth as a result of this incident. Upon

46.     information and belief, none of the officers involved in this incident were retrained or disciplined. (EDCA 2:16-cv-02399)

47.     In or about May 2017, Defendant PO DeMARCO pulled over Brian Buster who was heading home to respond to his daughter being harassed. After instructing Mr. Buster to lie down, DeMARCO, without provocation, automatically subjected Mr. Buster to punches and kicks, and immediately thereafter, using his baton to inflict blows to Mr. Buster's back, elbow, ribs and shoulders. After bringing suit against the CITY in 2017, the CITY agreed to settle Mr. Buster's suit for $175,000. (EDCA 2:18-cv-01860)

48.     In February 2017, Mr. Michael Kennedy was lawfully videotaping an incident involving Vallejo Police Officers. The Officers demanded that Mr. Kennedy stop videotaping

**AMENDED COMPLAINT FOR DAMAGES**

and arrested him in violation of his First Amendment rights. Upon information and belief, officers were not disciplined or retrained as a result of this incident. A claim has been filed and litigation is currently stayed.

49. In March 2017, Mr. Nickolas Pitts was taking out his garbage when he was accosted by Vallejo Police Officers Ryan McLaughlin and Officer Kimodo. Mr. Pitts was committing no crime or infraction. Mr. Pitts was violently thrown into a light pole and had his dreadlocks ripped from his head. This case settled in 2018. (EDCA 2:17-cv-00988)

50. Also in March 2017, Mr. Dejuan Hall was viciously beaten by Vallejo Police Officers while suffering a known mental health episode. Instead of providing assistance, Vallejo PD Officer Spence Munoz-Bottomley punched Mr. Hall in the face multiple

51. times and beat him with a flashlight. This incident was captured on video. Upon information and belief, no officers were disciplined or retrained as a result of this incident. The City of Vallejo settled this case in June 2019.

52. Although MR. TRUJILLO was subjected to excessive force in or about March 2017, Vallejo PD officers persisted in their pattern and practice of deploying excessive force well after.

53. For example, In July 2017, Mr. Carl Edwards was attacked by Vallejo Police Officers Spencer Muniz-Bottomley, Mark Thompson, Bretton Wagoner and Sgt. Steve Darden while fixing a fence. During this vicious beating, Mr. Edwards suffered head trauma, a broken nose, a black eye, cuts to his face, arms, back, hands, head, and he required stitches over his right brow. This incident was captured on video. Upon information and belief, none of the officers involved in this incident were disciplined or retrained. Litigation in this case is ongoing.

54. In August 2018, Angel Bagos was attacked by Vallejo Police Department in front of a restaurant. Without cause, Mr. Bagos was knocked down, hog tied and severely beaten with a flashlight. Mr. Bagos was arrested but all charges were dropped. This incident was captured on video. Upon information and belief, none of the officers involved in this incident were disciplined or retrained. A claim has been filed in this matter and litigation is

**AMENDED COMPLAINT FOR DAMAGES**

forthcoming.

55. In January 2019, Mr. Adrian Burrell was lawfully videotaping his cousin Michael Lawson, who was being held at gunpoint by Vallejo Police Officer David McLaughlin, for an alleged traffic violation. Mr. Burrell was standing on the porch of his own home, approximately 35 feet away from the officer. Vallejo Police Officer David McLaughlin unlawfully demanded that Mr. Burrell go back into his house. When Mr. Burrell refused, Officer McLaughlin attacked Mr. Burrell, causing a concussion and other injuries, then placed him under arrest. The CITY settled with Mr. Burrell on November 29, 2022.

56. In March 2019, Carlos Yescas was stopped by a Vallejo Police Department Lieutenant Nichelini for a minor traffic offense. The Lieutenant was in plain clothes and driving an unmarked car not suitable for transport. Lt. Nichelini tried to drag Mr. Yescas out of the car although the young man was still wearing his seatbelt. The Lieutenan threw Mr. Yescas on the ground and then kneeled on his back prompting Mr. Yescas to plead with the Lieutenant that he was unable to breath. Mr. Yescas was arrested. Upon information and belief, Lt. Nicholini was not disciplined or retrained as a result of this incident. A claim for this incident has been filed.

57. Thus, MR. TRUJILLO-LOPEZ is informed, believes and therein alleges that officials with CITY OF VALLEJO, as well as its Chief Supervisory officer and final policymaker, Defendant CHIEF BIDOU knew, had reason to know by way of actual or constructive notice of the aforementioned policy, culture, pattern and/or practice of repeated acts of unconstitutional excessive force by Vallejo PD officers and the resultant injuries/violations they had caused.

58. Despite having such notice, MR. TRUJILLO-LOPEZ is informed and believes and thereon alleges that CITY OF VALLEJO & DOES 1-100, and/or each of them, approved, ratified, condoned, encouraged, sought to cover up, and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by Vallejo Police Department employees by failing to supervise and discipline its officers who acted unlawfully and outside of department policy.

**AMENDED COMPLAINT FOR DAMAGES**

59. Plaintiff is further informed and believes and thereon alleges that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendant Officers and and/or each of them, the CITY and DOES 1-100 ratified and encouraged these Officers to continue their course of misconduct. Plaintiff further alleges that the CITY and DOES 1-100, and/or each of them, were on notice of the constitutional defects in their training of Vallejo Police Officers, including, but not limited to unlawfully deployment of excessive force to make detentions and/or arrests. As the above recurring incidents of excessive force make plain, a reasonable inference exists that the CITY's training is so inadequate that it fails to train its officers in how to construe the line that defines constitutional violations for excessive force.

60. The aforementioned acts and/or omissions and/or deliberate indifference by high ranking CITY OF VALLEJO officials, including high ranking Vallejo Police Department supervisors, including CHIEF BIDOU and DOES 100, and each of them resulted in the deprivation of Mr. TRUJILLO-LOPEZ's constitutional rights including, but not limited to the right to be free from excessive force by Officers, as guaranteed him by the Fourth Amendment to the United States Constitution.

61. Therefore, Defendant CITY OF VALLEJO is liable to Plaintiff Mr. TRUJILLO-LOPEZ for directly and proximately causing him harms on account of violating his constitutional rights under the Fourth and Fourteenth Amendments on account that the excessive force that he was subjected to by PD officer Defendant DeMARCO unequivocally reflected the ongoing pattern and practice of excessive force that officers of the Vallejo PD have been intentionally and recklessly deploying while the CITY and CHIEF BIDOU, despite knowledge of its existence, took absolutely no action to stem or cease its existence by either supervision, discipline or training.

WHEREFORE, Plaintiff prays for judgment and damages as hereinafter set forth.

\\

\\

\\

**AMENDED COMPLAINT FOR DAMAGES**

### THIRD CAUSE OF ACTION
### Supervisory Liability
### 42 U.S.C. 1983
### (Against Defendant CHIEF BIDOU, in his individual capacity)

62. Defendant CHIEF ANDREW BIDOU, while acting deliberately, recklessly and under color of law, was, at the relevant times, supervisory personnel and final policymaker of the VALLEJO POLICE DEPARTMENT with oversight responsibilities for training, hiring, screening, instructing supervising and disciplining of Defendant DeMARCO who deprived Mr. TRUJILLO-LOPEZ of his clearly established constitutional rights.

63. Defendant CHIEF BIDOU was personally involved in the deprivation of Mr. TRUJILLO-LOPEZ's' constitutional rights by creating and/or condoning the policy or custom of failing to take preventative and remedial measures to guard against excessive force as a violation of the Fourth Amendment. CHIEF BIDOU approved the internal affairs report that was generated pertaining to DeMARCO'S arrest of Mr. TRUJILLO-LOPEZ and the force employed without ascertaining whether the circumstances required some ameliorative action to reduce future serious injuries to those encountered by DeMARCO. Such action was imperative as DeMARCO had previously engaged in prior incidents wherein he utilized excessive force. Similarly, despite knowledge of the numerous injuries that suspects were incurring upon being apprehended by DeMARCO and the other officers in his department, CHIEF BIDIOU failed to take remediative action by establishing new, more stringent supervisory and disciplinary protocols, nor requiring his officers to undertake appropriate training to stem the Department wide epidemic of constitutionally infirm arrests and detentions.

64. Thus, Defendant CHIEF BIDOU was reckless in his failure to supervise Defendant DeMARCO, as his subordinate, and either knew or should have known that DeMARCO was deliberately failing to conduct constitutionally permissible encounters, restraints, detentions and arrests of citizens while out on patrol but rather was resorting to a department wide pattern and practice of subjecting citizens to unreasonable and excessive force.

65. Thus, CHIEF BIDOU knew, or in the exercise of due diligence would have

**AMENDED COMPLAINT FOR DAMAGES**

known that the conduct that Defendant DeMARCO deployed against Mr. TRUJILLO-LOPEZ would have likely occurred on account of Defendant DeMARCO's previous incidents of subjecting other citizens to excessive force, as well as a plethora of both prior and subsequent incidents of excessive force undertaken by other Vallejo PD officers while under his command and consistently throughout his tenure as Chief beginning in October 2014. Despite knowing such, CHIEF BIDIOU took no action to prevent its occurrence nor took remedial action thereafter.

66. Similarly, as the Chief of the Vallejo Police Department and thereby in charge of training, supervising and disciplining the Department's officers, including Defendant DeMARCO, CHIEF BIDOU's failure to train, supervise and discipline Defendant DeMARCO amounted to gross negligence, deliberate indifference and/or intentional misconduct, which directly caused the injuries and damages Mr. TRUJILLO-LOPEZ sustained and as set forth above.

67. By virtue of CHIEF BIDOU's conduct, Mr. TRUJILLO-LOPEZ has suffered damages in an amount to be determined by a jury.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that the Court will:

1. Issue an order declaring that the CITY OF VALLEJO's policy on excessive force, and its lack of supervision, discipline and training thereof is patently inadequate and presents clear and present dangers to the constitutional rights of its citizens and others within the jurisdiction of the Vallejo Police Department.

2. Award special and economic damages, including lost wages, for all Claims;

3. Award general and non-economic damages for all Causes of Action; in an amount of $3,000,000.00 against each defendant, individually and severally for brain damage, pain, bleeding, swelling, misery, suffering, loss of enjoyment of life, for loss of ability to pursue happiness, for severe mental

**AMENDED COMPLAINT FOR DAMAGES**

and emotional distress, anxiety, humiliation and other non-economic and economic damages.

4. Award $3,000,000.00 as punitive damages for all Claims only against Defendant Police Officer ROBERT DeMARCO, and CHIEF BIDOU in their individual capacities for the protection of the public;

5. Award pre-judgment and post-judgment interest at the prevailing legal rate;

6. Award costs of the suit including reasonable attorney's fees; and

7. For such other and further relief, including injunctive relief, as the Court may deem proper.

Dated: December 2, 2022

RESPECTFULLY SUBMITTED,

**LAW OFFICES OF BONNER & BONNER**

/s/Charles A. Bonner
Charles A. Bonner, Esq.
Attorney for Luis Trujillo-Lopez

**AMENDED COMPLAINT FOR DAMAGES**